1  PAUL L. REIN, Esq. (SBN 43053)
   CELIA MCGUINNESS, Esq. (SBN 159420)
2  CATHERINE M. CABALO (SBN 248198)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA  94612
4  Telephone:  510/832-5001
   Facsimile:   510/832-4787
5  reinlawoffice@aol.com

6  Attorneys for Plaintiff
   JEAN RIKER
7

8              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
9

10  JEAN RIKER,                          CASE NO.
                                         Civil Rights
11          Plaintiff,
                                         **COMPLAINT FOR PRELIMINARY**
12  v.                                   **AND PERMANENT INJUNCTIVE**
                                         **RELIEF AND DAMAGES: DENIAL OF**
13                                       **CIVIL RIGHTS AND ACCESS TO**
    FAIRMONT HOTELS &                    **PUBLIC FACILITIES TO**
14  RESORTS (U.S.) INC.;                 **PHYSICALLY DISABLED PERSONS,**
    FAIRMONT HOTEL                       **PER FEDERAL AND CALIFORNIA**
15  MANAGEMENT COMPANY;                  **STATUTES (INCLUDING CIVIL**
    SIC HOTEL COMPANY - SAN              **CODE §§ 51, 52, 54, 54.1, 54.3, AND**
16  FRANCISCO, a California              **§55; and HEALTH & SAFETY CODE**
    Limited Partnership; and DOES        **§§ 19953, *et seq.*); INJUNCTIVE**
17  1-20, INCLUSIVE,                     **RELIEF PER TITLE III, AMERICANS**
                                         **WITH DISABILITIES ACT OF 1990**
18          Defendants.
                                    /    **DEMAND FOR JURY TRIAL**
19

20          Plaintiff JEAN RIKER complains of defendants FAIRMONT

21  HOTELS & RESORTS (U.S.) INC.; FAIRMONT HOTEL MANAGEMENT

22  COMPANY; SIC HOTEL COMPANY - SAN FRANCISCO, a California

23  Limited Partnership; and DOES 1-20, Inclusive, and each of them, and alleges as

24  follows:

25          1.    **INTRODUCTION:**  This case involves the denial of accessible

26  public facilities, including parking facilities, exterior paths of travel and access to

27  the entrances, interior paths of travel, restaurant, guest rooms, and related

28  facilities, to plaintiff Jean Riker and other disabled persons at The Fairmont San

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -1-        S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1  Francisco hotel, 950 Mason St., San Francisco, California. Plaintiff Jean Riker is

2  a "person with a disability" or "physically handicapped person." Plaintiff

3  requires the use of a motorized wheelchair for mobility and is unable to use

4  portions of public facilities which are not accessible to disabled persons,

5  including those who require the use of a wheelchair. Plaintiff was denied her

6  rights to full and equal access at these facilities, and was denied her civil rights

7  under both California law and federal law, because these facilities were not, and

8  are not now, properly accessible to physically disabled persons, including those

9  who use wheelchairs. Plaintiff seeks injunctive relief to require defendants to

10 make these facilities accessible to disabled persons and to ensure that any

11 disabled person who attempts to use The Fairmont San Francisco, 950 Mason St.,

12 San Francisco (hereinafter sometimes "Hotel" or "The Fairmont"), either as a

13 hotel guest, dining patron, event participant or other patron, will be provided

14 disabled accessible facilities. Plaintiff also seeks recovery of damages for her

15 discriminatory experiences and denial of access and of civil rights, which denial

16 is continuing as a result of defendants' failure and refusal to provide disabled

17 accessible facilities. Plaintiff also seeks recovery of reasonable statutory attorney

18 fees, litigation expenses and costs, under federal and state law.

19      2.    **JURISDICTION:** This Court has jurisdiction of this action

20 pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act

21 of 1990, 42 USC §§ 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and

22 related causes of action arising from the same facts are also brought under

23 California law, including but not limited to violations of California Government

24 Code § 4450 *et seq*.; Health & Safety Code §§ 19953-19959; California Civil

25 Code §§ 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of

26 Regulations.

27      3.    **VENUE:** Venue is proper in this court pursuant to 28 USC

28 § 1391(b) and is founded on the fact that the real property which is the subject of

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -2-     S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1    this action is located in this district and that plaintiff's causes of action arose in

2    this district.

3         4.    **INTRADISTRICT:**  This case should be assigned to the San

4    Francisco/Oakland intradistrict as the real property which is the subject of this

5    action is located in this intradistrict and plaintiff's causes of action arose in this

6    intradistrict.

7         5.    **PARTIES:** Plaintiff is a qualified physically disabled person who

8    cannot walk due to hemiplegia, and who requires use of a motorized wheelchair

9    for locomotion.  She also owns and is transported in a disabled licensed van

10   which requires parking in a properly configured van-accessible parking space.

11   Defendants FAIRMONT HOTELS & RESORTS (U.S.) INC.; FAIRMONT

12   HOTEL MANAGEMENT COMPANY; SIC HOTEL COMPANY - SAN

13   FRANCISCO, a California Limited Partnership; and DOES 1-20, Inclusive, are

14   the owners, operators, lessors, and lessees of the business, property, buildings

15   and/or portions thereof located at 950 Mason St., San Francisco, California, and

16   known as The Fairmont San Francisco.  This Hotel is a "public accommodation

17   and business establishment" subject to the requirements of multiple categories of

18   § 301(7) of the Americans with Disabilities Act of 1990, of California Health &

19   Safety Code §§ 19953 *et seq.*, and of California Civil Code §§ 51 and 54 *et seq*.

20   On information and belief, this Hotel and its facilities have, since July 1, 1970,

21   undergone construction and/or "alterations, structural repairs, or additions,"

22   subjecting each such facility to disabled access requirements per Health & Safety

23   Code §§ 19955-19959 *et seq.*, and, as to alterations since January 26, 1993, to §

24   303 of the Americans with Disabilities Act of 1990.   Further, irrespective of the

25   alteration history, such premises are subject to the "readily achievable" barrier

26   removal requirements of Title III of the Americans With Disabilities Act of 1990.

27        6.    The true names and capacities of Defendants Does 1 through 10,

28   Inclusive, are unknown to plaintiff who therefore sues said defendants by such

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -3-          S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1   fictitious names.  Plaintiff is informed and believes that each of the defendants

2   herein designated as a Doe is legally responsible in some manner for the events

3   and happenings herein referred to and caused injury and damages proximately

4   thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to

5   show such true names and capacities when the same have been ascertained.

6       7.    Defendants FAIRMONT HOTELS & RESORTS (U.S.) INC.;

7   FAIRMONT HOTEL MANAGEMENT COMPANY; SIC HOTEL COMPANY -

8   SAN FRANCISCO, a California Limited Partnership; and DOES 1-20, Inclusive,

9   are and were the owners, operators, lessors and  lessees of the subject business,

10  property and/or building at all times relevant to this Complaint.  Plaintiff is

11  informed and believes that each of the defendants herein is the agent, employee or

12  representative of each of the other defendants, and performed all acts and

13  omissions stated herein within the scope of such agency or employment or

14  representative capacity and is responsible in some manner for the acts and

15  omissions of the other defendants in proximately causing the damages

16  complained of herein.

17

18  **FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF
    FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES
19  IN A PUBLIC ACCOMMODATION
    (California Health & Safety Code §§ 19955 *et seq.*, Civil Code § 54 *et seq.*)**

20

21      8.    Plaintiff repleads and incorporates by reference, as if fully set forth

22  again herein, the factual allegations contained in Paragraphs 1 through 7, above,

23  and incorporates them herein by reference as if separately repled hereafter.

24      9.    Plaintiff Jean Riker and other similarly situated physically disabled

25  persons, including those who require the use of a wheelchair, are unable to use

26  public facilities on a "full and equal" basis unless each such facility is in

27  compliance with the provisions of California Health & Safety Code §§ 19955 *et*

28  *seq.*  Plaintiff is a member of that portion of the public whose rights are protected

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -4-                    S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1   by the provisions of Health & Safety Code §§ 19955 *et seq.*

2       10.     Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o

3   ensure that public accommodations or facilities constructed in this state with

4   private funds adhere to the provisions of Chapter 7 (commencing with Section

5   4450) of Division 5 of Title 1 of the Government Code."  On information and

6   belief the provisions of both Health and Safety Code §§ 19955 and 19955.5,

7   apply to the The Fairmont San Francisco, 950 Mason St., San Francisco,

8   California.   The code relating to such public accommodations also requires that

9   "When sanitary facilities are made available for the public, clients, or

10  employees... they shall be made available for persons with disabilities."  Title 24,

11  California Code of Regulations, formerly known as the California Administrative

12  Code, was in effect at the time of each alteration which, on information and

13  belief, occurred at such public facility since January 1, 1982, thus requiring

14  access complying with the specifications of Title 24 whenever each such

15  "alteration, structural repair or addition" was carried out.  On information and

16  belief, defendants and/or their predecessors in interest carried out alterations,

17  structural repairs, or additions to such buildings and facilities during the period

18  Title 24 has been in effect.  Further, plaintiff alleges that alterations, structural

19  repairs, and/or additions which triggered access requirements at all relevant

20  portions of the Hotel, also occurred between July 1, 1970 and January 1, 1982,

21  and required access pursuant to the A.S.A. (American Standards Association)

22  Regulations then in effect, pursuant to the incorporated provisions of California

23  Government Code §§ 4450 *et seq*.

24      11.     **FACTUAL STATEMENT:**   On or about December 18, 2009,

25  plaintiff Jean Riker was driven in her disabled licensed vehicle by her companion

26  to the The Fairmont San Francisco, 950 Mason St., San Francisco, California,

27  intending to stay as a hotel guest, to purchase food and beverages there, and to

28  avail herself of other Hotel amenities.  In advance of her visit plaintiff had

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -5-        S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1    reserved a disabled "accessible" guest room at the Hotel for the nights of

2    December 18th, 19th and 20, 2009, and had also called again before traveling to

3    verify that a disabled accessible guest room had been reserved for her and her

4    companion.  Each time plaintiff had called the Hotel she had also requested, and

5    had been assured by defendants' representatives, that the disabled accessible

6    guest room she had reserved would include an accessible roll-in shower.

7         12.    When plaintiff had arrived at the Hotel, she was not allowed to have

8    her car parked in a designated accessible or van-accessible parking space.  On

9    information and belief the Hotel also did not provide properly located or

10   configured accessible and van-accessible parking spaces as required under state

11   and federal law, nor the required number of such parking spaces.  They also failed

12   to provide proper required signage warning other drivers not to park in any

13   designated disabled parking spaces that may have existed.  Plaintiff was required

14   to use the valet parking, although she preferred to have her companion park her

15   van.  When plaintiff left her vehicle and entered the Hotel to register, she

16   discovered that the registration counter was too high and did not provide any

17   required lowered section for disabled wheelchair users.  Similarly, on information

18   and belief, the concierge counter was also too high.  Plaintiff also had trouble

19   traveling in the lobby and other public areas of the Hotel due to the lack of proper

20   paths of travel space for her motorized wheelchair between and around items of

21   furniture.

22        13.    After plaintiff checked into the Hotel on December 18, 2009, she

23   found that her guest room, No. 55, which had been represented to her by

24   defendants' employees as fully disabled accessible, was *inaccessible* in multiple

25   respects, including but not limited to the following: there was not proper space for

26   a wheelchair's path of travel throughout the guest room; the security peephole in

27   the entry door was too high for wheelchair use; the closet clothing bars, light

28   switches, and other guest room amenities were not properly located or configured

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -6-          S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1   for use by a disabled wheelchair user; and the bathroom was not properly

2   configured for disabled access, including the lack of proper wheelchair turning

3   space, the lack of safety grab bars in the shower, improperly configured controls

4   and other defects in the roll-in shower, the vanity mirror was mounted too high,

5   the sink was blocked from wheelchair use, the toilet seat was too low, and on

6   information and belief, the bathroom lacked the required space and proper

7   configuration to allow plaintiff as a disabled wheelchair user to travel to and use

8   the toilet.  Plaintiff encountered all of these access deficiencies despite

9   requirements under state and federal law that all of these guest room features be

10  disabled accessible.

11       14.    Many other Hotel features were not disabled accessible, including

12  but not limited to interior paths of travel and the entrance to the gift shop with no

13  proper accessible paths of travel because of crowded merchandise displays.

14  Plaintiff ate several meals at the Hotel's restaurant, experiencing difficulties with

15  the paths of travel.   Patronizing the Hotel's bar after her meal with her

16  companion, plaintiff found that the bar itself had no lowered section and that

17  there was insufficient seating for disabled persons at the bar tables.  Accessible

18  routes, if they existed, were not identified by signage.  Although plaintiff

19  complained to multiple Hotel employees, including but not limited to the desk

20  staff and concierge, about the lack of access in multiple respects, no

21  improvements were made.  Following her stay at the Hotel, and despite her

22  complaints, no follow-up contacts were received by plaintiff on behalf of

23  defendants, either apologizing for the lack of access or promising to make access

24  improvements.  On information and belief, despite the passage of more than year

25  as of the filing of this complaint, access improvements have still not been made in

26  the areas complained of hereinabove.

27       15.    Further, on information and belief, and based on preliminary

28  investigation by plaintiff's representatives, the premises were also illegally

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -7-          S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1   inaccessible to persons with physical mobility disabilities in multiple other

2   respects, including but not limited to the following:  The premises lack the

3   required number of "accessible" guest rooms; lack the required number of

4   "accessible" guest rooms with a roll-in shower; and the "accessible" guest rooms

5   which are provided are all, on information and belief, not properly configured for

6   access per Title 24 and ADAAG (Americans With Disabilities Act Accessibility

7   Guidelines)  standards, as to numerous features, including accessibility features in

8   each "accessible" guest room, as to paths of travel within the room, closets, and

9   bathrooms in each room.  Further, the public women's restrooms are, on

10  information and belief, not fully accessible for disabled persons.  These barriers to

11  access are listed without prejudice to plaintiff citing additional barriers to access

12  after a formal inspection by plaintiff's access consultant, per the 9th Circuit's

13  standing standards under <u>Doran v. 7-Eleven, Inc.</u> 524 F.3d 1034 (9th Cir. 2008).

14  All of these barriers to access render the premises inaccessible to and unuseable

15  by physically disabled persons.  All facilities must be brought into compliance

16  with all applicable federal and state code requirements, according to proof.

17      16.    Further, each and every violation of the Americans With Disabilities

18  Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are

19  repled and incorporated herein, word for word, as if separately repled), also

20  constitutes a separate and distinct violation of  California Civil Code § 54(c), thus

21  independently justifying an award of damages and injunctive relief pursuant to

22  California law, including but not limited to Civil Code §§ 54.3 and 55.

23      17.    Further, each and every violation of the Americans With Disabilities

24  Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are

25  repled and incorporated herein, word for word, as if separately repled), also

26  constitutes a separate and distinct violation of California Civil Code § 54.1(d),

27  thus independently justifying an award of damages and injunctive relief pursuant

28  to California law, including but not limited to Civil Code §§ 54.3 and 55.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -8-                    S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

18.   **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled, including but not limited to wheelchair users, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities who requires the use of a wheelchair for movement in public places. Plaintiff is deterred from returning to use these facilities and is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities, and cannot return to use the Hotel and its facilities, including its restaurant, until these facilities are made properly accessible for disabled persons. Plaintiff alleges that she intends to do so, once legally required access has been provided. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all areas of the premises that she has personally encountered. Further, as to all areas identified before or during this litigation by plaintiff's access consultant, that she or other physically disabled persons may encounter in the future (under the 9th Circuit's holding in Doran v. 7-Eleven, Inc. 524 F.3d 1034 (9th Cir. 2008)) plaintiff prays leave to amend this complaint to obtain injunctive relief. As to those of the defendants that currently own, operate, and/or lease (from or to) the subject Hotel, plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

19.   Wherefore plaintiff asks this Court to preliminarily and permanently

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES       -9-       S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1  enjoin any continuing refusal by defendants to grant full and equal access to

2  plaintiff in the respects complained of and to require defendants to comply

3  forthwith with the applicable statutory requirements relating to access for disabled

4  persons.  Such injunctive relief is provided by California Health & Safety Code

5  § 19953 and California Civil Code § 55, and other law.  Plaintiff further requests

6  that the Court award damages pursuant to Civil Code § 54.3 and other law and

7  attorney fees, litigation expenses, and costs  pursuant to Health & Safety Code

8  § 19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other

9  law, all as hereinafter prayed for.

10      20.    **DAMAGES:**  As a result of the denial of equal access to the facility

11  and due to the acts and omissions of defendants and each of them in owning,

12  operating, leasing, constructing, altering, and maintaining the subject facility,

13  plaintiff suffered a violation of her civil rights, including but not limited to rights

14  under Civil Code §§ 54 and 54.1, encountered barriers which caused her

15  difficulty, discomfort and embarrassment, and suffered physical, mental and

16  emotional personal injuries, all to her damages per Civil Code § 54.3, including

17  statutory treble damages, as hereinafter stated.  Defendants' actions and omissions

18  to act constitute discrimination against plaintiff on the sole basis that  she was and

19  is physically disabled and unable, because of the architectural and other barriers

20  created and/or maintained by the defendants in violation of the subject laws, to

21  use the public facilities on a full and equal basis as other persons.

22      21.    **TREBLE DAMAGES -** Plaintiff has been damaged by defendants'

23  wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1,

24  and 54.3.  At all times herein mentioned, defendants were fully aware that

25  significant numbers of potential users of their public facilities were and are and

26  will be physically disabled persons.  Further defendants knew and continue to

27  know that a significant portion of the Hotel's patrons would be and were

28  physically disabled persons, including wheelchair users and other

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -10-                    S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1  mobility-impaired persons, and would have need of facilities that complied with

2  California Title 24 and ADAAG standards for accessible facilities.  Despite this

3  knowledge, defendants installed and maintained the physical barriers complained

4  of, and failed to remove these barriers, and have failed to provide properly

5  accessible parking, exterior and interior paths of travel, entranceways, bar and

6  dining facilities, restrooms, guest rooms, swimming pool and hot tub/spa, and

7  other facilities required to be accessible, including but not limited to those

8  previously noted herein, as required by state and federal law.  On information and

9  belief, defendants have ignored specific complaints about the lack of proper

10 disabled access by plaintiff and other wheelchair users and other disabled

11 persons.  Defendants have continued their illegal and discriminatory policies and

12 practices despite actual knowledge that people with physical mobility disabilities

13 attempt to patronize the subject Hotel and encounter illegal barriers which deny

14 full and equal access when they do so.

15      22.    At all times herein mentioned, defendants knew, or in the exercise of

16 reasonable diligence should have known, that their barriers and practices at their

17 subject facilities violated disabled access requirements and standards, and had a

18 discriminatory affect upon plaintiff and upon other physically disabled persons,

19 but defendants have refused to rectify the violations, and presently continue a

20 course of conduct in maintaining architectural barriers that discriminate against

21 plaintiff and similarly situated disabled persons.  As a result, defendants

22 demonstrated conscious disregard for the rights and safety of disabled persons,

23 and should properly be subjected to an award of treble damages pursuant to

24 California Civil Code § 54.3.

25      23.    **FEES AND COSTS:**  As a result of defendants' acts, omissions, and

26 conduct, plaintiff has been required to incur attorney fees, litigation expenses, and

27 costs as provided by statute, in order to enforce plaintiff's rights and to enforce

28 provisions of the law protecting access for disabled persons and prohibiting

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -11-          S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1   discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

2   reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions

3   of Civil Code §§ 54.3 and 55, and California Health & Safety Code § 19953.

4   Additionally, plaintiff's lawsuit is intended to require that defendants make their

5   facilities accessible to all disabled members of the public, justifying "public

6   interest" attorney fees, litigation expenses and costs pursuant to the provisions of

7   California Code of Civil Procedure § 1021.5 and other applicable law.

8        WHEREFORE, plaintiff prays for damages and injunctive relief as

9   hereinafter stated.

10

11
          **SECOND CAUSE OF ACTION:**
          **VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT,**
12      **CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH**
          **DISABILITIES ACT AS INCORPORATED**
13                **BY CIVIL CODE SECTION 51(f)**

14        24.    Plaintiff repleads and incorporates by reference, as if fully set forth

15   hereafter, the factual allegations contained in Paragraphs 1 through 23 of this

16   Complaint and incorporates them herein.

17        25.    At all times relevant to this complaint, California Civil Code § 51

18   has provided that physically disabled persons are free and equal citizens of the

19   state, regardless of medical condition or disability:

20        All persons within the jurisdiction of this state are free and equal,
          and no matter what their sex, race, color, religion, ancestry, national
21        origin, disability, or medical condition are entitled to the full and
          equal accommodations, advantages, facilities, privileges, or services
22        in all business establishments of every kind whatsoever.
          Cal. Civ. C. § 51(b).
23

24        26.    California Civil Code § 52 provides that the discrimination by

25   defendants against plaintiff on the basis of her disability constitutes a violation of

26   the general anti-discrimination provision of §§ 51 and 52.

27        27.    Defendants' discrimination constitutes a separate and distinct

28   violation of California Civil Code § 52, which provides that:

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -12-          S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1
2
3
4
5

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

6    28.    Any violation of the Americans With Disabilities Act of 1990 (as

7    pled in the Third Cause of Action) constitutes a violation of California Civil Code

8    § 51(f) thus independently justifying an award of damages and injunctive relief

9    pursuant to California law.  Per § 51(f), "A violation of the right of any individual

10   under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall

11   also constitute a violation of this section."

12   29.    The actions and omissions of defendants as herein alleged constitute

13   a denial of access to and use of the described public facilities by physically

14   disabled persons within the meaning of California Civil Code §§ 51 and 52, and

15   caused plaintiff discomfort, difficulty and embarrassment, and violation of her

16   civil rights.  As a proximate result of defendants' action and omissions,

17   defendants have discriminated against plaintiff in violation of Civil Code §§ 51

18   and 52, entitling plaintiff to an award of general, statutory and treble damages.

19   30.    **FEES AND COSTS:**  As a result of defendants' acts, omissions and

20   conduct, plaintiff has been required to incur attorney fees, litigation expenses and

21   costs as provided by statute in order to enforce plaintiff's rights and to enforce

22   provisions of the law protecting access for disabled persons and prohibiting

23   discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

24   reasonable attorney fees, litigation expenses and costs pursuant to the provisions

25   of California Civil Code §§ 51 and 52.  Additionally, plaintiff's lawsuit is

26   intended to require that defendants make their facilities and policies accessible to

27   all disabled members of the public, justifying "public interest" attorney fees,

28   litigation expenses and costs pursuant to the provisions of California Code of

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -13-                    S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1     Civil Procedure § 1021.5 and other applicable law.

2           Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

3

4                                **THIRD CAUSE OF ACTION:**
      **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
5                              **42 USC § 12101 *et seq.***

6           31.   Plaintiff repleads and incorporates by reference, as if fully set forth

7     again herein, the allegations contained in Paragraphs 1 through 30 of this

8     Complaint, and incorporates them herein as if separately repled.

9           32.   In 1990 the United States Congress made findings that laws were

10    needed to more fully protect "some 43,000,000 Americans [with] one or more

11    physical or mental disabilities;" that "historically, society has tended to isolate

12    and segregate individuals with disabilities;" that "such forms of discrimination

13    against individuals with disabilities continue to be a serious and pervasive social

14    problem;" that "the Nation's proper goals regarding individuals with disabilities

15    are to assure equality of opportunity, full participation, independent living, and

16    economic self-sufficiency for such individuals;" and that "the continuing

17    existence of unfair and unnecessary discrimination and prejudice denies people

18    with disabilities the opportunity to compete on an equal basis and to pursue those

19    opportunities for which our free society is justifiably famous..." [42 USC §12101]

20          33.   In passing the Americans with Disabilities Act of 1990 (hereinafter

21    "ADA"), Congress stated as its purpose:

22          It is the purpose of this Act

23          (1) to provide a clear and comprehensive national mandate for the
            elimination of discrimination against individuals with disabilities;
24
            (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing
25          discrimination against individuals with disabilities;

26          (3) to ensure that the Federal Government plays a central role in enforcing
            the standards established in this Act on behalf of individuals with
27          disabilities; and

28          (4) to invoke the sweep of congressional authority, including the power to

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -14-        S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1    enforce the fourteenth amendment and to regulate commerce, in order to
     address the major areas of discrimination faced day-to-day by people with
2    disabilities. (Emphasis added)

3    42 USC § 12101(b).

4          34.    As part of the ADA, Congress passed "Title III - Public

5    Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et*

6    *seq*.).  The subject resort, hotel, spa property and facilities include multiple

7    "public accommodations" for purposes of this title, including but not limited to

8    "an hotel, motel or other place of lodging," § 301(7)(A); "a restaurant, bar, or

9    other sales or rental establishment serving food or drink," § 301(7)(B); a "place of

10   exhibition or entertainment," § 301(7)(C); any "sales or rental establishment."

11   § 301(7)(E); any "service establishment," § 301(7)(F); and any "health spa... or

12   other place of exercise or recreation," § 301(7)(L).

13         35.    The ADA clearly states that "No individual shall be discriminated

14   against on the basis of disability in the full and equal enjoyment of the goods,

15   services, facilities, privileges, advantages, or accommodations of any place of

16   public accommodation by any person who owns, leases, or leases to, or operates a

17   place of public accommodation." 42 USC § 12182.   The specific prohibitions

18   against discrimination included, but were not limited to the following:

19   § 302(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory

20   to afford an individual or class of individuals, on the basis of a disability or

21   disabilities of such individual or class, directly, or through contractual, licensing,

22   or other arrangements, with the opportunity to participate in or benefit from a

23   good, service, facility, privilege, advantage, or accommodation that is not equal to

24   that afforded to other individuals."

25   § 302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,

26   practices, or procedures when such modifications are necessary to afford such

27   goods, services, facilities, privileges, advantages, or accommodations to

28   individuals with disabilities...;"

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -15-          S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1  § 302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure

2  that no individual with a disability is excluded, denied service, segregated, or

3  otherwise treated differently than other individuals because of the absence of

4  auxiliary aids and services...;"

5  § 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication

6  barriers that are structural in nature, in existing facilities... where such removal is

7  readily achievable;"

8  § 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier

9  under clause (iv) is not readily achievable, a failure to make such goods, services,

10  facilities, privileges, advantages, or accommodations available through alternative

11  methods if such methods are readily achievable."

12      The acts and omissions of defendants set forth herein were in

13  violation of plaintiff's rights under the ADA and the regulations promulgated

14  thereunder, 28 CFR Part 36 *et seq*.

15      36.  The removal of each of the barriers complained of by plaintiff as

16  hereinabove alleged, were at all times herein mentioned "readily achievable"

17  under the standards of the ADA § 302.  As noted hereinabove, removal of each

18  and every one of the architectural barriers complained of herein were also

19  required under California law.  Further, alterations, structural repairs or additions

20  since January 26, 1993 have also independently triggered requirements for

21  removal of barriers to access for disabled persons per § 303 of the ADA.

22      37.  On information and belief, as of the date of plaintiff's efforts to

23  lodge at, recreate at, and dine at The Fairmont San Francisco, and as of the filing

24  of this Complaint, the premises have denied and continue to deny full and equal

25  access to plaintiff and to other disabled persons, including wheelchair users, in

26  other respects, which violate plaintiff's rights to full and equal access and which

27  discriminate against plaintiff on the basis of her disability, thus wrongfully

28  denying to plaintiff the full and equal enjoyment of the goods, services, facilities,

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -16-          S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1  privileges, advantages and accommodations, in violation of §§ 302 and 303 of the

2  ADA.  42 USC §§ 12182 and 12183.

3      38.    On information and belief, defendants have continued to violate the

4  law and deny the rights of plaintiff and other disabled persons access to this

5  public accommodation since on or before plaintiff's encounters, as previously

6  noted.  Pursuant to the ADA, § 308, 42 USC 12188 *et seq.*, plaintiff is entitled to

7  the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964,

8  42 USC 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis

9  of disability in violation of the ADA or has reasonable grounds for believing that

10 she is about to be subjected to discrimination.  Pursuant to § 308(a)(2), "In cases

11 of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall include

12 an order to alter facilities to make such facilities readily accessible to and usable

13 by individuals with disabilities to the extent required by this title."

14     39.    Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the

15 Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal

16 Regulations adopted to implement the Americans with Disabilities Act of 1990.

17 Plaintiff is a qualified disabled person for purposes of § 308(a) of the ADA who

18 is being subjected to discrimination on the basis of disability in violation of Title

19 III and who has reasonable grounds for believing she will be subjected to such

20 discrimination each time that she may attempt to use the property and premises.

21     WHEREFORE, plaintiff prays for damages and injunctive relief as

22 hereinafter stated.

23                        **PRAYER**

24     Plaintiff prays that this Court:

25     1.    Issue a preliminary and permanent injunction directing defendants as

26 current owners, operators, lessors, and/or lessees of the subject property and

27 premises to modify the above described property and premises and related

28 facilities to provides full and equal access to all persons, including persons with

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -17-        S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd

1 physical disabilities; and issue a preliminary and permanent injunction pursuant

2 to ADA § 308(a) and state law directing defendants to provide facilities usable by

3 plaintiff and similarly situated persons with disabilities, and which provide full

4 and equal access, as required by law;

5      2.    Retain jurisdiction over the defendants until such time as the Court is

6 satisfied that defendants' unlawful policies, practices, acts and omissions, and

7 maintenance of inaccessible public facilities as complained of herein no longer

8 occur, and can not recur;

9      3.    Award to plaintiff all appropriate damages, including but not limited

10 to statutory damages, general damages and treble damages in an amount within

11 the jurisdiction of the Court, all according to proof;

12      4.    Award to plaintiff all reasonable statutory attorney fees, litigation

13 expenses, and costs of this proceeding as provided by law;

14      5.    Award prejudgment interest pursuant to Civil Code § 3291; and

15      6.    Grant such other and further relief as this Court may deem just and

16 proper.

18 Dated:  May 27, 2011       LAW OFFICES OF PAUL L. REIN

20 /s/ Paul L. Rein
By PAUL L. REIN
Attorneys for Plaintiff
21 JEAN RIKER

23 **DEMAND FOR JURY**

24 Plaintiff hereby demands a jury for all claims for which a jury is permitted.

25 Dated:  May 27, 2011       LAW OFFICES OF PAUL L. REIN

27 /s/ Paul L. Rein
By PAUL L. REIN
Attorneys for Plaintiff
JEAN RIKER

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -18-   S:\CASES\F\FAIRMONT-SF\PLEADINGS\FAIRMONT.CMP.wpd